IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06CV372-W

| | | |
|---|---|---|
| **RANDY LYNN ATKINS,** ) | | |
| Petitioner, ) | | |
| ) | | |
| v. ) | ORDER | |
| ) | | |
| **MARVIN POLK, Warden,** ) | | |
| Central Prison ) | | |
| Raleigh, North Carolina ) | | |
| Respondent. ) | | |
| ) | | |

This matter is before the Court upon its own Motion. On November 16, 2006, Randy Lynn Atkins (hereinafter "Atkins" or "Petitioner") filed a Petition for Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2254. However, it appears that Atkins has failed to comply with Rule 2 of the Rules Governing Habeas Corpus Cases Under Section 2254.

Rule 2(c)(2) of the Rules Governing Habeas Corpus Cases Under Section 2254 requires that a Petition filed under § 2254 state the facts supporting each ground. In his Petition, Atkins raises six (6) enumerated claims. While he has stated some facts to support his claims, it appears that Atkins also intends to incorporate by reference the facts from various claims raised in state court pleadings. For example, in Claim I of the Petition, Atkins claims that counsel were ineffective at sentencing and identifies several alleged deficiencies on the part of counsel. He then goes on to list evidence that could have been presented in mitigation but for counsel's alleged deficient conduct. However, this statement of facts is followed by a disclaimer that, "[t]he foregoing *summarizes* facts and federal constitutional issues that were presented in detail to the North Carolina courts . . . ." (emphasis added) Atkins then incorporates by reference six (6) claims raised in state court pleadings, as well as the appendices, testimony and documentary

evidence he filed in support of the state court claims.

The Court can only presume that by incorporating these claims by reference, Atkins intends for the Court to determine from his state court pleadings what he believes is relevant mitigating evidence that should have been presented at trial but that was not important enough to warrant mention in his federal habeas petition. Suffice it to say, that is not the Court's role in adjudicating a habeas petition.[1]

The Court will review any portion of the state record relevant to determining whether the state court's adjudication of a claim was "contrary to or an unreasonable application of established Federal law." § 2254(d)(1). It will not try to guess or to define Atkins federal claims for him based upon what he raised in the state courts. Nor, for that matter, will the Court try to determine Atkins' objections to the state courts' procedural rulings by referring to the state court record.

Atkins will be afforded an opportunity to file an amended Petition, stating the facts upon which he intends to rely to support the claims raised in his November 16, 2006 Petition.[2] The portions of the state court record that Atkins filed with his November 16, 2006 Petition will be accepted by this Court as exhibits to his Petition. Atkins is free to cite to those exhibits in his amended Petition. However, the Court will not incorporate by reference facts, arguments or objections asserted by Atkins in the state courts. Should Atkins choose not to file an amended

---

[1] Nor is it Respondent's job to answer facts not pleaded. Respondent should not have to anticipate additional facts that might be important to Petitioner but which are not pled on the face of the complaint.

[2] The Court is granting leave to amend only the claims already raised. Any new claims or grounds for relief must be accompanied by a Motion to Amend and must comply with the one-year statute of limitations governing Petitions brought under § 2254.

Petition, this Order shall serve as notice that in adjudicating the claims in the Petition, the Court will consider only those facts, arguments and objections presented on the face of Atkins' federal court pleadings.

It is HEREBY ORDERED THAT if Atkins chooses to file an amended Petition pursuant to 28 U.S.C. § 2254, he must do so within thirty (30) days from the filing of this Order. Failure to file an amended Petition will result in this Court adjudicating only the claims specifically raised in the Petition without reference to facts, arguments or objections appearing only in the state court record.

Signed: December 16, 2006

Frank D. Whitney
United States District Judge